## In re CARDEN.

No. 200.

Circuit Court of Appeals, Second Circuit.

March 24, 1941.

Martin W. Kramer, of New York City (Frederick E. Weinberg, of New York City, and Samuel C. Duberstein, of Brooklyn, N. Y., of counsel), for petitioner-appellant.

Louis Boehm and Joesph Levine, both of New York City, for trustee.

Louis Boehm, of New York City, for creditor-appellee Daniel Loeb.

Charles A. Taussig, of New York City, for petitioning creditors-appellees.

Gifford, Woody, Carter & Hays, of New York City (Louis Boehm, Joseph Levine, and Julius Blum, all of New York City, of counsel), for bankrupt-appellee.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

On February 18, 1933, an involuntary petition in bankruptcy was filed in the District Court against George A. Carden in which there was the general allegation that he, when insolvent, had committed acts of bankruptcy within four months next preceding the filing of the petition by making preferential transfers. The petition had been signed by the petitioning creditors about a year before it was filed, and after the filing, lay dormant without service upon the alleged bankrupt until an order was obtained in 1939 for an alias subpoena and it was issued and duly served upon him. On December 21, 1939, he was adjudicated a bankrupt on said petition upon his default.

The appellant is a creditor of the bankrupt who has a judgment lien that will be avoided if the adjudication upon the old petition is not reversed but which would be unaffected by a new petition and adjudication thereunder.

On February 23, 1940, it obtained an order to show cause why the petition should not be dismissed and all orders theretofore made in the proceedings vacated. This was denied upon the ground that a creditor had no standing to contest the allegations of the petition.

The issues are whether a creditor may, since the Chandler Act amended Sec. 18, sub. b of the old Bankruptcy Act, 11 U.S. C.A. § 41, sub. b, appear and plead to the petition and, if not, whether the court had jurisdiction to make the adjudication upon it.

The old act provided in Sec. 18, sub. b, that the bankrupt or any creditor might appear and plead to the petition within five days after the return date or within such further time as the court might allow. In Sec. 18, sub. b of the Chandler Act, this provision was changed by omitting the words "or any creditor". Similarly, Sec. 59, sub. f of the old act, 11 U.S. C.A. § 95, sub. f, gave creditors, other than the original petitioners, the right to enter their appearance at any time and join in the petition or file an answer and be heard in opposition to the prayer of the petition. In Sec. 59, sub. f of the Chandler Act, the words "or file an answer and be heard in opposition" were left out. These omissions make it clear that Congress did not intend to give a statutory right to creditors to contest the allegations in an involuntary petition. We must take it for granted that the District Court held that the application of the Chandler Act was feasible since it was actually applied and there is no question as to the soundness of that ruling.

Since there is no longer any express statutory right given creditors to contest an adjudication upon an involuntary petition in bankruptcy, the right, if any, of creditors to make such a contest must rest upon general principles of equity applicable in bankruptcy proceedings. It is true that such principles will govern action in a bankruptcy court when not in conflict with the statute. Securities Comm. v. United States Realty Co., 310 U.S. 434, 457, 60 S.Ct. 1044, 84 L.Ed. 1293. But where there has been an amendment to the statute whereby such right formerly existent has been withdrawn, there has been the equivalent of a statutory denial of the right and any action under general principles of equity contrary thereto would be contrary to the statute and so erroneous. Consequently, the appellant was without standing to question the sufficiency of the petition.

That brings us to the second question, always present, as to whether or not the order of adjudication was within the jurisdiction of the District Court. As to that it is, of course, undoubted that the court had jurisdiction of the petition when filed and its jurisdiction of the bankrupt is clear. Whatever defects there may have been in the allegation of acts of bankruptcy at most made the petition demurrable because too general or because acts within four months of the filing were as of the date of signing wholly in the future and not accomplished facts. Such defects, however, could be cured by amendment and were not jurisdictional. The mere lapse of time between the filing of the petition and the service and adjudication could not deprive the court of jurisdiction.

At most, the order of adjudication might have been erroneous, but that did not deprive the court of the jurisdictional power to make it. In re Shoesmith, 7 Cir., 135 F. 684. And, as we have seen, the appellant could not object to it for error merely. It must now be treated as a final order and all pertinent issues are res adjudicata. Compare, Des Moines Nav. & R. R. Co. v. Iowa Homestead Co., 123 U.S. 552, 8 S.Ct. 217, 31 L.Ed. 202.

Order affirmed.