In re FEDERMAN.

No. 245.

Circuit Court of Appeals, Second Circuit.

May 19, 1941.

Peter J. Haberkorn, of New York City, for appellant.

Shlivek & Brin, of New York City (Max Shlivek, of New York City, of counsel; Saul S. Brin and Stanley Wolder, both of New York City, on the brief), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

Upon her voluntary petition Marie Federman was adjudged a bankrupt on August 26, 1936. It was a no asset case; the appellant and another were the only creditors scheduled. The bankrupt obtained her discharge on February 5, 1937. More than three years later, on June 7, 1940, the appellant applied to the bankruptcy court to set aside the orders of adjudication and discharge and to dismiss her petition for adjudication on the ground that the court lacked jurisdiction because she had had neither residence, domicile nor place of business within the territorial limits of the court for any part of the six months prior to the filing of her petition. After a hearing upon supporting and opposing affidavits, the district court denied the creditor's motion in a brief memorandum which stated that the application was made too late in view of section 15 of the Chandler Act, 11 U.S.C.A. § 33.

That section permits the court, "upon the application of parties in interest * * * filed at any time within one year after a discharge shall have been granted" to revoke the discharge if it "was obtained through * * * fraud" and the other stated conditions exist. It seems probable that the fraud to which section 15 refers is fraud in obtaining the discharge. See In re Knepper, D.C.N.D.N.Y., 12 F.Supp. 989, 991; In re Weintrob, D.C.E.D.N.C., 263 F. 904, 906, reversed on other grounds in 4 Cir., 272 F. 466. But however that may be, we are clear that the one-year limitation of section 15 has no application to the present proceeding, which makes a direct attack upon the order of adjudication. To such an attack that section has no application, despite the fact that if adjudication falls the discharge will necessarily fall with it. Cases such as Matter of Clisdell, D.C.N.D.N.Y., 101 F. 246, holding that a collateral attack upon adjudication cannot be made in opposing the bankrupt's discharge, are not pertinent where the attack is direct, as here.

The attack upon the order of adjudication is that the bankrupt did not satisfy in respect to residence, domicile or place of business the requirements of section 2(1) of the Bankruptcy Act, 11 U.S.C.A. § 11(1). These requirements are jurisdictional; and when the bankrupt has imposed upon the court's jurisdiction, a party in interest may have the order of adjudication set aside, if he moves promptly and is not guilty of laches. In re Ettinger, 2 Cir., 76 F.2d 741, and cases there cited. In the case at bar the affidavits submitted by the creditor raised, to say the least, a serious doubt whether the bankrupt resided within the eastern district of New York. On the question of laches the creditor asserts that it first learned of the facts relied upon only five days before making its first motion; the affidavit supporting its second motion offers as an excuse for not discovering them earlier the fact that Mrs. Federman was

using a different name in the town where the creditor claims that she actually resided. We shall not attempt to pass upon these issues on this record; they should not be determined upon affidavits but upon testimony before a referee, as the creditor requested in his moving papers.

Accordingly the orders of June 21, 1940, and July 5, 1940, are reversed and the cause is remanded for further proceedings in conformity with this opinion. The appeal from the order of July 8, 1940, is dismissed. No appeal lies from an order denying a motion for reargument. Restifo v. Hartig, 61 App.D.C. 252, 61 F.2d 404. The appellant is awarded costs in this court.