**In re FELDER.**

No. 4359.

District Court, E. D. South Carolina.

May 31, 1941.

Felder & Rosen and Zeigler & Brailsford, all of Orangeburg, S. C., for bankrupts-petitioners.

Adam H. Moss, James A. Moss, and Carroll E. Summers, all of Orangeburg, S. C., for creditors.

LUMPKIN, District Judge.

On February 17, 1941, the above-named bankrupt, Grace K. Felder, M. H. Felder Real Estate Co., M. H. Felder & Company, and M & H Grocery Company each filed separate voluntary petitions in bankruptcy in this court, at which time a receiver was appointed to take charge of the assets of each pending the further orders of this court and the matters were referred to A. J. Hydrick, Esq., as special referee in bankruptcy, for such proceedings as might properly come before him under the Bankruptcy Laws, 11 U.S.C.A. § 1 et seq.

On March 4, 1941, Charles R. Allen, a creditor of M. H. Felder & Company, filed petitions in each of the above-mentioned proceedings, praying that he be permitted to intervene in each proceeding and move for an order setting aside the adjudication in bankruptcy and to dismiss the proceed-ing on the ground of fraud. On the same day I made an order in each proceeding directed to the bankrupt therein named and also to M. H. Felder, Grace K. Felder, J. Henry Woodward, Jr., the receiver appointed by this court, and P. F. Haigler, a receiver appointed by the Court of Common Pleas for Orangeburg County for the aforesaid bankrupts, directing them to appear and show cause why the relief sought by the petitioner should not be granted. Due to conflicting business of the court a hearing was not had until the 4th day of April, 1941, at which time all interested parties were represented by counsel and the matter was fully heard. Upon the calling for hearing of the orders to show cause, short petitions of numerous creditors of the above-named bankrupts were filed with the court in which they joined in the prayer of the petition of Charles R. Allen in each of the above cases.

The petitions filed by Charles R. Allen in each of the above proceedings and the rules to show cause made thereon are identical in all respects except as to formal parts. In view of the nature of the charges contained in the petitions they were heard together at which time it was agreed by the parties that the petitions should be treated and construed by me as motions to dismiss on the part of Charles R. Allen made in each of the proceedings, and I have so considered them.

In support of the motion to dismiss the record of the Court of Common Pleas for Orangeburg County, S. C., in an action entitled Parker Peanut Co., Plaintiff, v. M. H. Felder and Co., Defendant, together with the record of an ancillary action brought thereto by Charles R. Allen, to which the aforesaid petitioners in bankruptcy were parties were offered in evidence. There was also offered the record of the Supreme Court of South Carolina together with its opinion relating to certain phases of the above case. The records above referred to include the testimony adduced before the Court of Common Pleas on which its conclusions and conclusions of the Supreme Court were rested.

In view of the questions of comity suggested by the motions and the serious nature of the grounds upon which they are made, I have given these matters very careful and painstaking consideration.

The allegations of the petitions filed by Charles R. Allen are clearly proved by

the records in the state court and the conduct of the petitioners in bankruptcy in this court, and I will attempt to state briefly the facts which most forcibly impressed me.

M. H. Felder and Grace K. Felder entered into and adopted a plan or scheme to defraud their creditors by contracting the greater part of their liabilities in the name of M. H. Felder & Company, and transferring the greater part of their assets to themselves individually and to two corporations known as M. H. Felder Real Estate Co. and M & H Grocery Company. After having made the transfers, as aforesaid, the plan further contemplated permitting M. H. Felder & Company to be put into receivership and requiring their creditors to look solely to such assets as might be found in the name of M. H. Felder & Company in satisfaction of claims.

The above plan progressed to the point where M. H. Felder & Company was declared insolvent and a receiver was appointed to take charge of its assets and affairs in the aforesaid action instituted against it by Parker Peanut Co. However, the plan was thwarted when in the aforesaid ancillary action brought by Charles R. Allen to the Parker Peanut Co. suit the court refused to recognize any of the corporate petitioners before me and held that their stockholders, M. H. Felder and Grace K. Felder, who are husband and wife, were an association of persons and as such liable for all debts contracted in the names of the corporations. The state court further held that a recognition of these corporations would sanction fraud and promote injustice, a conclusion which one could not fail to reach upon a review of the record before me. This decision by Judge M. M. Mann, of the Court of Common Pleas for Orangeburg County, South Carolina, was duly affirmed by appeal to the Supreme Court of South Carolina, which decision was handed down February 12, 1941, and is now found reported in 196 S.C. 271, 13 S.E.2d pages 143, 149, the appeal having been carried up under the name of Parker Peanut Co. v. M. H. Felder & Co. et al. I quote a short excerpt from the very lengthy decision of Judge Mann on the circuit, which sums up the case in its entirety: "This record is the record of a course of conduct adopted by two individuals wherein corporate fictions were used by these two individuals for the purpose of enriching themselves at the expense of their creditors and in which the conduct of the individuals violates the sanctity of the corporations with such reckless abandon that this court must pierce the corporate veil for the purpose of discovering the parties responsible for this course of conduct and hold them liable as an association of persons. There appears to be an absolute unity of interest of M. H. Felder and Grace K. Felder with the defendant corporations and an adherence to the fiction of the separate existence of the corporations would, under the facts now before the court, sanction fraud and promote injustice."

This decision was adopted by the Supreme Court of South Carolina as and for its decision herein.

It is interesting to note that the decision of the Supreme Court was filed on February 12, 1941; further, that the special master, J. A. Merritt, filed his formal report and recommendations to the court in Orangeburg on the 14th day of February, 1941, and that this and the other petitions in bankrutpcy were filed on Monday, February 17th, 1941.

Under the above circumstances and after proceedings in the state court had advanced to the point where the special referee, to whom all issues of law and fact had been referred, had made findings substantially as above outlined, and while a motion was pending before the state court for an order confirming the report of the special referee, M. H. Felder and Grace K. Felder each in his own behalf and together in behalf of their three corporations filed voluntary petitions in bankruptcy in this court and upon ex parte appearance in this court secured orders recognizing each of these corporations as a separate entity and affording to each the privileges and protection due litigants entering this court. It is clear that this is no more than an attempt to avoid the results of the litigation in the state court and this court would in effect by its decree assist in carrying the original plan or scheme into execution, which scheme to defraud has heretofore been adjudicated in no uncertain language by the Supreme Court of South Carolina.

I realize fully that Judge Mann stated he was not passing upon the merits of the case. He was clearly referring to issues which might arise during the receivership. When the Supreme Court of South Carolina in adopting Judge Mann's decision

determined that the corporations in question were mere fictions and that the veil of each should be pierced by the court and the property of each brought into the hands of the receiver for the individuals involved as an association of persons, then I am bound by this adjudication, but even if I were not, from my study of the evidence I am convinced that these findings were correct.

If the voluntary petitions in bankruptcy were allowed to stand, it would amount to nothing more than having this court "sanction fraud and promote injustice." To allow the adjudications to stand would in effect amount to this court lending its aid to the petitioners in settling with their creditors in the manner outlined in the five voluntary petitions in bankruptcy, when the court of last resort in the State of South Carolina has declared that the operations of the individuals and corporations in question as set forth in the voluminous record presented to me was for the sole purpose of "enriching themselves at the expense of their creditors and in which the conduct of the individuals violates the sanctity of the corporations * * *".

The litigation in the state court has been long and strenuously contested. Substantial charges for court costs have been created against the estates of the petitioners in bankruptcy which, in all probability, will be duplicated by my retention of jurisdiction. Thus my retention of jurisdiction will work a substantial hardship on creditors.

The fraud disclosed by the record before me and as found by the Supreme Court of South Carolina will prohibit this court's granting discharges to the petitioners in bankruptcy, and I know of no relief available to the litigants in this court which is not available in the state court.

Under the foregoing facts the duty of this court is clear. A strikingly similar case is that of Zeitinger et al. v. Hargadine-McKittrick Dry Goods Company, 244 F. 719, 723, in which the Circuit Court of Appeals for the Eighth Circuit uses the following language: "The District Judge, in adjudicating upon a voluntary petition in bankruptcy, is not a ministerial, but a judicial, officer, whose first duty is to see that those who minister in the temple of justice shall not invoke his authority for the accomplishment of fraud. We are of the opinion that the allegations of the petition in intervention are clearly proved by the exemplified copy of the record of the suit in the circuit court, and that it was the clear duty of the District Court, as well as of this court, in order to prevent the perpetration of what clearly would be a fraud upon the circuit court, the court of bankruptcy, and the interveners, to dismiss the voluntary petition of appellee."

As previously noticed, the filing of the creditors' petitions was allowed at the hearing. It is now incumbent upon this court to grant the motion and dismiss the voluntary petition in bankruptcy filed in this court by M. H. Felder.

The decree of Judge Mann in the Common Pleas Court for Orangeburg County shows a study of the evidence most complete in every way. I have such great respect and regard for his learning and ability that I do not believe at any time I would disagree with a conclusion reached by him in a case of this kind. His final decision was approved in every detail and adopted by the Supreme Court of South Carolina as its decision in this case, and this court is and ought to be bound by the conclusions reached there, and I so conclude.

Of course the able and respected counsel representing the petitioners in bankruptcy are in no way responsible for the acts of their clients. They have ably represented their clients in all of this litigation.

It is therefore ordered, adjudged and decreed, that the adjudication on the voluntary petition in bankruptcy of M. H. Felder filed in this court be set aside and rescinded and the same is hereby dismissed.

It is further ordered, that J. Henry Woodward, Jr., as receiver for M. H. Felder appointed by this court, do first pay all costs of this court, including bond premiums, and further do pay to himself as receiver for his services herein the sum of $75, and the same amount to his attorneys for services in this case, and the sum of $25 to A. J. Hydrick for his services as special referee appointed by this court, and forthwith file his account with this court within ten days from the filing of this order, a copy of which said account shall be served on P. F. Haigler, as receiver for M. H. Felder, appointed by the Court of Common Pleas for Orangeburg County, and that the said J. Henry Woodward, Jr., as receiver as aforesaid, shall apply to this court for the approval of said account, and for his discharge, at a date later to be fixed by the court.

It is further ordered, that J. Henry Woodward, Jr., as receiver, after making the payments as aforesaid, be, and he is hereby, directed to turn over and deliver unto P. F. Haigler, as receiver for M. H. Felder, as aforesaid, any and all property of the said M. H. Felder now in his possession, and to take a proper receipt therefor.

It is further ordered, that the injunctive order made in the above-entitled proceeding on February 17, 1941, be, and the same hereby is, vacated.