## In re T. J. RONAN CO., Inc.

United States District Court
S. D. New York.
July 21, 1953.

Alexander H. Rockmore, New York City, for petitioning creditors.

Avrutis & Zizmor, New York City, for intervening creditor.

WEINFELD, District Judge.

This is a motion by a merchandise creditor for leave to intervene and file an answer to an involuntary petition filed by three former employees of the alleged bankrupt. The moving creditor claims that the involuntary petition was filed as a result of collusion between the three creditors and the alleged bankrupt, that a proceeding in this Court would be wasteful and duplicitous of a pending State insolvency proceeding, an assignment for the benefit of creditors having previously been made. The contention is also made that the creditors who subscribed to the involuntary petition were estopped from acting as such petitioning creditors by reason of conduct condemned by 11 U.S.C.A. § 95 sub. h.[1]

That the alleged bankrupt is, and since the early part of the year has been, hopelessly insolvent, is not in dispute. Likewise, no issue appears as to the creditor status of the wage earners who filed the petition. The petition upon its face appears to satisfy jurisdictional requirements.

The legal issue—the right of creditors to answer and contest the allegations of an

---

1. See Remington on Bankruptcy, §§ 205–207; Collier on Bankruptcy, 3rd Vol. § 59.39 et seq.

involuntary petition and adjudication—has been obscured by charges and counter charges made by the attorneys for the parties with respect to a number of matters, most of which are not relevant to the present application.

 The legal issue has been determined in this circuit by In re Carden, 2 Cir., 118 F.2d 677, certiorari denied McClave & Co. v. Carden, 314 U.S. 647, 62 S.Ct. 91, 86 L.Ed. 519. There, a creditor of the bankrupt sought an order dismissing the involuntary petition and the order of adjudication. The motion was denied upon the ground that a creditor had no standing to contest the allegations of the petition. In affirming an order denying the application the Court held:

"The issues are whether a creditor may, since the Chandler Act amended Sec. 18, sub. b of the old Bankruptcy Act, 11 U.S.C.A. § 41, sub. b, appear and plead to the petition and, if not, whether the court had jurisdiction to make the adjudication upon it.

"The old act provided in Sec. 18, sub. b, that the bankrupt or any creditor might appear and plead to the petition within five days after the return date or within such further time as the court might allow. In Sec. 18, sub. b of the Chandler Act, this provision was changed by omitting the words 'or any creditor'. Similarly, Sec. 59, sub. f of the old act, 11 U.S.C.A. § 95, sub. f, gave creditors, other than the original petitioners, the right to enter their appearance at any time and join in the petition or file an answer and be heard in opposition to the prayer of the petition. In Sec. 59, sub. f of the Chandler Act, the words 'or file an answer and be heard in opposition' were left out. These omissions make it clear that Congress did not intend to give a statutory right to creditors to contest the alle-

gations in an involuntary petition. * * *" 118 F.2d at page 679.

It is urged that the Carden case does not preclude the Court from permitting intervention as a matter of discretion—that its holding is that the Chandler Act amendment deprived creditors only of a statutory right to appear and plead to the petition. In support of this position the creditor here who seeks to intervene cites various authorities,[2] but the Carden case holds to the contrary:

"Since there is no longer any express statutory right given creditors to contest an adjudication upon an involuntary petition in bankruptcy, the right, if any, of creditors to make such a contest must rest upon general principles of equity applicable in bankruptcy proceedings. It is true that such principles will govern action in a bankruptcy court when not in conflict with the statute. Securities [& Exchange] Comm. v. United States Realty [& Improvement] Co., 310 U.S. 434, 457, 60 S.Ct. 1044, 84 L.Ed. 1293. But where there has been an amendment to the statute whereby such right formerly existent has been withdrawn, there has been the equivalent of a statutory denial of the right and any action under general principles of equity contrary thereto would be contrary to the statute and so erroneous. Consequently, the appellant was without standing to question the sufficiency of the petition." 118 F. 2d at page 679.

If it is urged that the Carden case results in a stringent rule which limits the right to oppose an involuntary petition exclusively to an alleged bankrupt, the answer is that such was the Congressional purpose. Congress sought by the amendment to § 18, sub. b, of the Bankruptcy Act to eliminate the delays which followed when creditors, frequently acting out of motives of self-

---

2. In re Diamond Star Timber Co., D.C., 64 F.Supp. 849; In re Federman, 2 Cir., 119 F.2d 754; In re Hewitt Grocery Co., D.C., 33 F.Supp. 493. Diamond Star and Federman, however, pass only on the right of a creditor to move to vacate on objection to jurisdiction once an adjud-ication has been made. In re Hewitt Grocery Co. deals with the right of an equity receiver to oppose a petition, carefully distinguishing the equity receiver from the creditor. In re Hewitt Grocery Co., supra, 33 F.Supp. at page 495.

interest and generally to protect preferential situations favorable to them, contested involuntary petitions.[3] Indeed the charge is here made (and denied) that preferential payments were made with the connivance of the creditor's committee and its attorney, who now seek to intervene and contest the petition. The motion to intervene is denied.

■ While I do not pass at this time upon the right of creditors to apply after adjudication for an order to vacate the adjudication or for dismissal of the involuntary petition, the disposition herein is without prejudice to such an application in the bankruptcy proceeding upon a showing that the Court has been imposed upon with respect to jurisdiction. See In re Federman, 2 Cir., 119 F.2d 754. It may be suggested that this is a circuitous way to permit a challenge by creditors to an involuntary petition but the answer is that it appears compelled by the 1938 amendment to § 18, sub. b, of the Bankruptcy Act.

Settle order on notice.

---

3. House Report No. 1409 on H.R. 8046, 75th Cong. 1st Sess. (1937) 17.

"The right of creditors to file an answer and oppose the petition has been eliminated in the amendment of section 18b * * *. A creditor should not be permitted to oppose an adjudication; invariably, the motive of such creditor is to protect a preference or to retain some other undue advantage at the expense of the other creditors, contrary to the fundamental purpose of the Act—an equitable distribution among all creditors."