COMMERCIAL CREDIT CORPORATION, a Nebraska Corporation, Appellant,

v.

Thomas J. SKUTT, Trustee of Briley Motor Company, Inc., Bankrupt, Appellee.

No. 17693.

United States Court of Appeals Eighth Circuit.

Feb. 11, 1965.

George O. Kanouff, Omaha, Neb., made argument for the appellant and filed brief.

William E. Morrow, Jr., Omaha, Neb., made argument for Thomas J. Skutt, Trustee and filed brief.

Before VOGEL, VAN OOSTERHOUT and MEHAFFY, Circuit Judges.

MEHAFFY, Circuit Judge.

This appeal is from an order of the United States District Court for the District of Nebraska entered March 17, 1964, ruling that the effective date of the court's jurisdiction of an involuntary petition in bankruptcy filed by several creditors of Briley Motor Company, Inc. was the date of the filing, June 3, 1963.

The petition failed to allege Briley's insolvency on the filing date, but on June 25, 1963 Briley entered its appearance and consented to being adjudged a bankrupt. Among other things, the involuntary petition alleged:

"Within four months next preceding the filing of this petition, the said Briley Motor Company, Inc., committed an act of bankruptcy, in that it did heretofore, to wit, on the 4th day of February, 1963, execute certain notes and mortgages in favor of Commercial Credit Corporation without receiving the proper and legal consideration therefor; that said notes and mortgages were executed in alleged consideration of pre-existing debts, thereby constituting

a transfer with intent to prefer the said Commercial Credit Corporation."

Subsequently, appellant Commercial Credit Corporation filed an objection to the court's bankruptcy jurisdiction. The District Court by an order entered July 23, 1963 held that the creditors' petition on its face failed to confer jurisdiction on the court but that the answer of the alleged bankrupt admitting its insolvency and consenting to an adjudication effectively cured this defect. The court further held that the effective date of the adjudication of bankruptcy for all purposes was June 25, 1963, the date the answer was filed by the bankrupt.

On October 2, 1963, a trustee was appointed and qualified. Thereupon, the trustee filed a motion seeking relief from the court's order of July 23, 1963, "insofar as said order determined that the creditors' petition filed herein is defective on its face and failed to confer jurisdiction on the court, and that the jurisdiction of the court became effective as of the date of filing of the answer by the alleged bankrupt."

Appellant then moved the court to strike, or, in the alternative, to overrule and dismiss the trustee's motion. The District Court sustained the trustee and ordered the effective date of bankruptcy jurisdiction to be June 3, 1963, the date the creditors' petition was filed.

The issues before us may be grouped into two categories: (1) The jurisdiction of the court and (2) the trustee's standing to seek relief from a court order entered prior to the trustee's appointment.

■ The petition was inartfully drafted in that it did not allege that the bankrupt was insolvent. However, it did purport to allege an act of bankruptcy. The answer of the bankrupt consenting to the adjudication did not raise any question concerning a defect in the petition. Thus, any defect in the petition was waived by the bankrupt under Fed. R.Civ.P. 8(d). See Badders Clothing Co.

v. Burnham-Munger-Root Dry Goods Co., 228 F. 470 (8th Cir.1915).

■ In any event, the appellant as a creditor has no standing to oppose the adjudication of bankruptcy. This has not always been the rule. Under Section 18, sub. b of the Bankruptcy Act of 1898, any creditor could appear and plead to a petition in involuntary bankruptcy. The Congress, however, by adoption of the Bankruptcy Act of 1938 (Chandler Act) rewrote the section of the bankruptcy law and eliminated the right of a creditor to be heard in opposition to an adjudication. See 11 U.S.C.A. § 41, sub. b. This statutory withdrawal of a creditor's right in this particular has been recognized by the text writers as well as the courts.

> "Under § 18 as originally enacted in 1898, creditors could intervene under § 18b and oppose a petition in involuntary bankruptcy. This rule was designed to protect creditors whose interest might be affected by the adjudication. The Act of 1938, however, provided that creditors may no longer intervene in opposition to an involuntary petition." 2 Collier, Bankruptcy ¶ 18.33 (14th ed. 1964) at 91.

In the case of In re Carden, 118 F.2d 677, 679 (2nd Cir. 1941), cert. denied 314 U.S. 647, 62 S.Ct. 91, 88 L.Ed. 519 (1941), the court reviewed this change:

> "The old act provided in Sec. 18, sub. b, that the bankrupt or any creditor might appear and plead to the petition within five days after the return date or within such further time as the court might allow. In Sec. 18, sub. b of the Chandler Act, this provision was changed by omitting the words 'or any creditor'. Similarly, Sec. 59, sub. f of the old act, 11 U.S.C.A. § 95, sub. f, gave creditors, other than the original petitioners, the right to enter their appearance at any time and join in the petition or file an answer and be heard in opposition to the prayer of the petition. In Sec. 59, sub. f of the Chandler Act, the words 'or file

an answer and be heard in opposition' were left out. These omissions make it clear that Congress did not intend to give a statutory right to creditors to contest the allegations in an involuntary petition."

See also Citizens National Bank of Lubbock v. Speer, 202 F.2d 491 (5th Cir. 1953); Moore v. Linahan, 117 F.2d 140 2nd Cir. (1941), cert. denied 314 U.S. 628, 62 S.Ct. 59, 86 L.Ed. 504 (1941).

■ The Congress had a very good reason for eliminating the creditor's right to appear in opposition to an involuntary petition in bankruptcy as reflected by House Report No. 1409 on H. R. 8046, 75th Cong., 1st Sess. (1937) 17 and set out in Collier, op. cit. supra, 91–92:

"'The right of creditors to file an answer and oppose the petition has been eliminated in the amendment of section 18b, and section 59f has been changed to correspond with this amendment. A creditor should not be permitted to oppose an adjudication; invariably, the motive of such a creditor is to protect a preference or to retain some other undue advantage at the expense of the other creditors, contrary to the fundamental purpose of the Act—an equitable distribution among all creditors.'"

Thus, the appellant here has no right to challenge the pleadings in opposition to the petition in involuntary bankruptcy. The appellant also argues that the petition and answer are so fatally defective on their face as to deprive the District Court of jurisdiction. This contention overlooks the fact that the Congress, not the pleadings, vests the District Court with the power or right to act in bankruptcy proceedings. In the instant case, the District Court had jurisdiction of the subject matter by virtue of the federal bankruptcy act. The service of process and the bankrupt's filing an "Entry of Appearance and Answer" gave the court jurisdiction of the parties. In Thompson v. Terminal Shares, Inc., 89

F.2d 652, 655 (8th Cir. 1937), cert. denied, Guaranty Trust Co. of New York v. Thompson, 302 U.S. 735, 58 S.Ct. 121, 82 L.Ed. 568 (1937), we had occasion to quote from an earlier decision which had discussed the problem of jurisdiction generally:

"In Foltz v. St. Louis & S. F. Ry. Co., supra [60 F. 316, 318 (C.C.A. 8)], this court, in an opinion by the late Judge Walter H. Sanborn, said:

"'Jurisdiction of the subject-matter is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power. It is not confined to cases in which the particular facts constitute a good cause of action, but it includes every issue within the scope of the general power vested in the court, by the law of its organization to deal with the abstract question.'

"So in Binderup v. Pathe Exchange, supra [263 U.S. 291, 44 S.Ct. 96, 98, 68 L.Ed. 308], it is said:

"'A complaint, setting forth a substantial claim under a federal statute presents a case within the jurisdiction of the court as a federal court, and this jurisdiction cannot be made to stand or fall upon the way the court may chance to decide an issue *as to the legal sufficiency of the facts alleged* any more than upon the way it may decide as to the legal sufficiency of the facts proven. Its decision either way upon either question is predicated upon the existence of jurisdiction, not upon the absence of it. *Jurisdiction, as distinguished from merits, is wanting only where the claim set forth in the complaint is so unsubstantial as to be frivolous, or, in other words, is plainly without color of merit.* [Italics supplied.]'"

This Court specifically held in In re Plymouth Cordage Co., 135 F. 1000, 1004 (8th Cir. 1905) that:

"Jurisdiction of the subject-matter and of the parties is the right to hear and determine the suit or proceeding in favor of or against the parties to it. The facts essential to invoke this jurisdiction differ materially from those essential to constitute a good cause of action for the relief sought. A defective petition in bankruptcy or an insufficient complaint at law, accompanied by proper service upon the defendants, gives jurisdiction to the court to determine the questions it presents, although it may not contain averments which entitle the complainant to any relief; and it may be the duty of the court to determine either the question of its jurisdiction or the merits of the controversy against the petitioner or plaintiff."

Accord: In re Carden, supra.

■■ A defective petition in bankruptcy presents no different problem from a defective complaint generally. It does not deprive the court of jurisdiction and is subject to amendment. See In Re Yellow Motor Co. of St. Louis, 34 F.2d 118 (8th Cir. 1929), cert. denied 280 U.S. 590, 50 S.Ct. 38, 74 L.Ed. 639 (1929). The defective pleadings here were not so unsubstantial or without color of merit as to preclude the District Court from taking jurisdiction over the involuntary petition in bankruptcy. In any event, the manner of attacking the defect goes to the right of the creditor to oppose an adjudication in bankruptcy which we have previously held he is not entitled to raise.

■ It is finally urged that the trustee had no legal right to move for relief from a court order entered prior to the appointment of the trustee. Appellant points out that Section 47 of the Bankruptcy Act, 11 U.S.C.A. § 75, setting out generally the duties of a trustee does not mention any authority to challenge a court order. Nevertheless, the trustee is not limited to Section 47 for his rights and responsibilities. See Imperial Assur. Co. v. Livingston, 49 F.2d 745 (8th Cir. 1931). The trustee, regardless of the date of his appointment, is vested by operation of law with title to the bankrupt's estate as of the date the petition was filed. Section 70, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. a states:

"The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title * * *."

■ Additionally, the trustee has the status of a creditor holding a lien through legal or equitable proceedings as of the date the petition was filed. Section 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c. The trustee is not only an officer of the court but also the representative of all the creditors and has the duty to realize the maximum from the estate for distribution to the creditors. In this dual connection, certainly he has the duty to call to the court's attention any error in an order affecting the estate. The court sitting in bankruptcy, in any event, has the right while a case is pending to modify or vacate its order so long as no intervening right has become vested in reliance thereon. Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146 (1942); Grand Union Equipment Co., Inc. v. Lippner, 167 F.2d 958 (2nd Cir. 1948); Kimm v. Cox, 130 F.2d 721 (8th Cir. 1942); 1 Collier, Bankruptcy, ¶ 2.12 at 186. No intervening right became vested in reliance upon the order of July 23, 1963.

The March 17, 1964 order of the District Court fixing the jurisdiction of the court as of June 3, 1963, the date of filing the creditors' petition, was proper.

The order is affirmed.