In the Matter of Merle R. TANNER and Elizabeth J. Tanner, his wife, Indiv. a/t/a Tanner Heating Co. and Other Business Enterprises, Bankrupt.

No. BK-64-77.

United States District Court
M. D. Pennsylvania.
May 27, 1965.

Davis & Katz, Lebanon, Pa., for original petitioning creditors.

Walter H. Compton, Harrisburg, Pa., Clarke M. Seltzer, James R. Koller, Lebanon, Pa., for Peoples Nat. Bank of Lebanon, Lebanon, Pa.

FOLLMER, District Judge.

This matter is before the Court on petition of The Peoples National Bank of Lebanon, Lebanon, Pennsylvania, for review of the Order of Thomas C. Gibbons, Esq., Referee in Bankruptcy, filed January 15, 1965.

On April 30, 1964 there was filed a creditors' petition asking for an Involuntary Adjudication in Bankruptcy of Merle R. Tanner and Elizabeth J. Tanner, his wife, individually and trading as Tanner Heating Company and Other Business Enterprises. Accompanying the petition was a petition for restraining order seeking to restrain the Sheriff of Lebanon County from execution on a judgment entered on behalf of Valley Trust Company of Palmyra, Pennsylvania.

A Rule to Show Cause why an injunction should not issue to prevent further proceedings on the execution was issued by this Court, returnable in Harrisburg, Pennsylvania, on May 11, 1964. A subpoena to the alleged bankrupts was returned on May 7, 1964, with the notation "Injunction Received at the Post Office,

Annville, Pennsylvania, and that the defendants moved as of February 13th, 1964 to 110 Filhoil Ave., West Monroe, Louisiana." On May 11, 1964 an Answer to the Petition for Restraining Order was filed by The Peoples National Bank of Lebanon, aforesaid, petitioner herein, requesting that the petition be denied.

On May 11, 1964 a petition was filed by attorney for petitioning creditors seeking an order allowing service of said petition by publication. Order was made accordingly.

On May 21, 1964, an Order of General Reference was made by the Court, reciting the filing of the creditors' petition of involuntary bankruptcy of April 30, 1964, the objections thereto of The Peoples National Bank of Lebanon, aforesaid, and directing the Referee to hear and determine the issues raised and take such further proceedings as required by law.

On May 28, 1964, on petition, a Rule was issued on the Sheriff of Lebanon County to Show Cause why an injunction should not issue to prevent the Sheriff paying certain over-plus funds in his hands as the result of the sale of some bankrupt property. Restraining Order was made.

On June 5, 1964, The Peoples National Bank of Lebanon, aforesaid, filed a petition as a lien creditor of the said Merle R. Tanner and Elizabeth J. Tanner, his wife, to dismiss creditors' petition for the reason that no partnership existed between Merle R. Tanner and Elizabeth J. Tanner, his wife, and challenged the jurisdiction of the Court.

The Order of the Referee indicates that it was the position of petitioning creditors that the Bank petitioner had no standing to file its petition to dismiss creditors' petition, alleging that Section 18, sub. b of the Bankruptcy Act (11 U.S.C. § 41, sub. b) controlled the situations; that the Bank answered by contending that although the general rule is that a creditor cannot contest the allegations of a bankrupt's petition, voluntary or involuntary, he or any other interested

party may always challenge the jurisdiction of the Court. Both parties maintained the same positions before the Court on the instant motion.

■ No answer was filed to creditors' petition controverting its allegations although proper service thereof was made. The allegations must therefore be taken as admitted.

■ Section 18, sub. b of the Bankruptcy Act (11 U.S.C. § 41, sub. b) as amended by the Act of June 22, 1938, c. 575, § 1, 52 Stat. 851, provides as follows:

"The bankrupt and, in the case of a petition against a partnership, any general partner or, in the case of a petition in behalf of a partnership, any general partner not joining therein, may appear and plead to the petition within five days after the return day or within such further time as the court may allow."

This amendment with reference to this paragraph substituted the words "and, in the case of a petition against a partnership * * * partner not joining therein" in lieu of "or any creditor" after "bankrupt". The reasons for the changes provided by the amendment appear in the House Report on the Act as follows:

"The right of creditors to file an answer and oppose the petition has been eliminated in the amendment of section 18b, and section 59f has been changed to correspond with this amendment. A creditor should not be permitted to oppose an adjudication; invariably, the motive of such a creditor is to protect a preference or to retain some other undue advantage at the expense of the other creditors, contrary to the fundamental purpose of the Act—an equitable distribution among all creditors." (House Report No. 1409 on H.R. 8046, 75th Cong. First Sess. (1937) 17.)

In In re Carden, 2 Cir., 118 F.2d 677, 679 (1941), the Court discussed the deletions made by the 1938 amendment, as above, as follows:

"The old act provided in Sec. 18, sub. b, that the bankrupt or any creditor might appear and plead to the petition within five days after the return date or within such further time as the court might allow. In Sec. 18, sub. b of the Chandler Act, this provision was changed by omitting the words 'or any creditor'. Similarly, Sec. 59, sub. f of the old act, 11 U.S.C.A. § 95, sub. f, gave creditors, other than the original petitioners, the right to enter their appearance at any time and join in the petition or file an answer and be heard in opposition to the prayer of the petition. In Sec. 59, sub. f. of the Chandler Act, the words 'or file an answer and be heard in opposition' were left out. These omissions make it clear that Congress did not intend to give a statutory right to creditors to contest the allegations in an involuntary petition. We must take it for granted that the District Court held that the application of the Chandler Act was feasible since it was actually applied and there is no question as to the soundness of that ruling.

"Since there is no longer any express statutory right given creditors to contest an adjudication upon an involuntary petition in bankruptcy, the right, if any, of creditors to make such a contest must rest upon general principles of equity applicable in bankruptcy proceedings. It is true that such principles will govern action in a bankruptcy court when not in conflict with the statute. * * * But where there has been an amendment to the statute whereby such right formerly existent has been withdrawn, there has been the equivalent of a statutory denial of the right and any action under general principles of equity contrary thereto would be contrary to the statute and so erroneous. Consequently, the appellant was without

standing to question the sufficiency of the petition."

I agree with Judge Gourley when he stated in In the Matter of Spohn Motor Company, Inc., D.C.W.D.Pa., 158 F.Supp. 855 (1958),

"I am satisfied that the law and congressional intent is geared to avoid the possibility of creditors, who acting out of motives of self-interest and generally to protect preferential satisfactions favorable to them, might contest involuntary petitions. * * *"

See also, In re T. J. Ronan Co., Inc., D.C. S.D.N.Y., 114 F.Supp. 299 (1953).

The Order of the Referee filed under date of January 15, 1965 will be confirmed.

The petition of The Peoples National Bank of Lebanon, Lebanon, Pennsylvania, to dismiss the Petition for Involuntary Bankruptcy Adjudication will be denied.