**In the Matter of Laura G. RINALDI,
Bankrupt.**

**No. B–76–60.**

United States District Court
D. New Jersey.

Sept. 28, 1965.

Rubenstein & Glick, by Seymour Margulies, Jersey City, N. J., for petitioners, Ralph Coppola and others.

Max L. Rosenstein, Newark, N. J., and Bernard S. Glick, Hoboken, for trustee, Joseph Moritz.

Emanuel Weitz, Jersey City, N. J., for bankrupt, Laura G. Rinaldi.

WORTENDYKE, District Judge.

This petition for review of an order of a Referee in Bankruptcy presents two questions:

(1) May a Referee, after remand, correct an error in an order in a respect which was not considered upon appellate review?

(2) Is the Referee's allowance of fees to the trustee's co-counsel adequate; or are all allowances for fees and disbursements exorbitant?

The case had its inception by the filing of a voluntary bankruptcy petition by Laura G. Rinaldi on February 4, 1960. Her principal asset at that time apparently was a $40,000 life insurance policy on the life of her then deceased husband, the proceeds of which she had elected to receive in monthly installments. In August, 1959, however, these proceeds were levied upon by a judgment creditor, thus triggering the filing of the present petition.

By order of the Referee entered on August 4, 1960, the remaining proceeds of the policy, approximately $36,000.00, were placed under the Referee's control.

Various claims to these funds were filed, and after hearing, the Referee, on July 1, 1963, filed Findings of Fact and Conclusions of Law (supplemented on September 16, 1963), and on October 10, 1963 he filed an order determining and fixing the liens and denying the claim of priority asserted by the Coppola claimants. The latter order was not complete and, after his attention was brought to this fact, the Referee entered an amending and superseding order on October 31, 1963, providing:

"1. The claim of the United States of America for lien or priority status against any of the assets of this bankrupt estate for unpaid Federal Estate Taxes assessed against the estate of Anthony J. Rinaldi, deceased, is hereby denied.

"2. The claims of Nicholas and Mary Cannarozzi, Anthony Azzariti, Thomas Buzzanco and Helen Kierstead, based upon judgments obtained in the Superior Court of New Jersey, and under which levies were made upon said insurance proceeds more than four months prior to the date of the bankruptcy herein, constitute a first lien against the said proceeds now in the hands of the

Trustee herein, postponed in payment, however, as provided in Section 67c of the Bankruptcy Act, to the debts specified in clauses (1) and (2) of subdivision a of Section 64 of the Bankruptcy Act.

"3. The claim of the United States of America for unpaid income taxes in the amount of $893.12, based upon assessment without filed lien, constitutes a lien valid as against the Trustee herein, to the extent permitted by Section 67c of the Bankruptcy Act, but subordinate to the claims of the following judgment creditors in the following order of priority:

"a. Nicholas and Mary Cannarozzi, Anthony Azzariti, Thomas Buzzanco and Helen Kierstead.

"b. Ralph Coppola, Antoinette Coppola, John Coppola, and Jennie Coppola.

"4. The claims of Ralph Coppola, Antoinette Coppola and John Coppola and Jennie Coppola for priority of payment based upon the assertion of a constructive trust upon the funds in the hands of the Trustee are hereby denied, with leave, however, to said persons to file and have allowed general unsecured claims against this bankrupt estate for any unpaid balances due on their said judgments."

On June 11, 1964, the same day Judge Meaney filed his affirmance of the Referee's order, an Order of Distribution was entered by Referee Fishberg directing that of the $36,405.24 available for distribution, $11,068.68 was to be used to pay the debts specified in clause (1) of subdivision a of Section 64 of the Bankruptcy Act. The remainder, some $25,336.56 was scheduled for disbursement as follows:

"Lien claims:

| | |
|---|---|
| "Anthony Azzarti and Bernard S. Glick, Atty. | $ 7,244.07 |
| "Thomas Buzzanco and Bernard S. Glick, Atty. | 2,847.20 |
| "Nicholas and Mary Cannarozzi, and Bernard S. Glick, Atty. | 10,928.32 |
| "Dividend on Coppolo claims | 4,316.97" |
| | $25,336.56 |

———◆———

Actual distribution, however, was suspended pending the determination of the appeals.

On March 12, 1965 the United States Court of Appeals for the Third Circuit affirmed Judge Meaney and shortly thereafter, as the Referee notes in his Certificate of Review:

"On March 29, 1965, in order to correct errors in the order of June 11, 1964, an Amended Order of Distribution was entered in which only specific portions of the Order of Distribution of June 11, 1964 were amended. Also included were allowances for additional services rendered by [certain] attorneys * *."

It is these corrections and allowances of counsel fees which give rise to the present appeal.

Specifically, the Amended Order of Distribution deleted the "Lien Claims" and the "Dividend on the Coppola" claims amounting to $25,336.56 quoted above, and added the following provisions amounting to $25,236.56. Aside from the unexplained difference of $100.00 between these totals (presumably a math-

ematical or typographical error) the major differences are that the attorneys, Max L. Rosenstein and Bernard S. Glick have been awarded compensation and expenses for their work subsequent to the original final meeting, the disbursements to Azzariti, Buzzanco and Cannarozzi have been reduced some $4,500, for some reason not apparent from the record, and the dividend on the Coppola claims has been replaced by authorization of a payment to the Coppolas of $893.12, a payment to the Internal Revenue Service of a similar amount, and a balance available to the general creditors of $5,-654.85 is shown.

The reduction in payment on the Coppola claim is the only one here under attack. It was a proper correction since the earlier and previously appealed determination was that although the Coppolas had priority as to the Government's income tax claim, they otherwise had only the status of general creditors.

To forbid the correction of the Order of Distribution and thus perpetuate the persistent error and inconsistency between the Referee's decision as to the law and his order disposing of the case, would defy good sense. Moreover, the Eighth Circuit Court of Appeals has quite recently spoken on this precise question. Judge Mehaffy said, in Commercial Credit Corporation v. Skutt, 8 Cir., 341 F.2d 177 (1965) at p. 181:

"* * * The court sitting in bankruptcy, in any event, has the right while a case is pending to modify or vacate its order so long as no intervening right has become vested in reliance thereon."

■ There is no such right which has so vested in this case, and therefore, as to this issue, the Referee is affirmed.

■ The allowances of counsel fees and disbursements complained of do not appear inappropriate, and are therefore also affirmed.