CARLSON PLYWOOD CO., INC., a corporation, for itself and all other persons and corporations similarly situated, Plaintiffs-Appellants,

v.

VYTEX PLASTICS CORPORATION, a/k/a Vytex Corporation, et al., Defendants-Appellees.

No. 74–1383.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 13, 1975.

Decided July 22, 1975.

Richard C. Moenning, Chicago, Ill., for plaintiffs-appellants.

Robert W. Gettleman, Selwyn Zun, Walter H. Moses, Jr., William M. Gibbons, Charles A. Adamek, Chicago, Ill., for defendants-appellees.

Before CASTLE, Senior Circuit Judge, PELL, Circuit Judge, and JAMESON, Senior District Judge.*

PELL, Circuit Judge.

The plaintiff Carlson Plywood Company, Inc. (Carlson) brought this action in the district court to enjoin the defendant Vytex Plastics Corporation (Vytex) from proceeding in bankruptcy. The district court dismissed the complaint and Carlson appeals.

In its complaint, Carlson alleged that it is a creditor of Vytex; that in September 1973, pursuant to a petition filed by Carlson, the circuit court of Cook County appointed a receiver to supervise the liquidation of Vytex; that subsequently an involuntary petition in bankruptcy was filed in the district court against Vytex; and that Vytex consented to this petition and was adjudged a bankrupt. Carlson contends in this appeal that the bankruptcy judge lacked jurisdiction to determine, in light of the prior appointment of a state receiver, the validity of the "consent" of the bankrupt. Vytex, Carlson concludes, should therefore be enjoined from proceeding in bankruptcy.

Vytex argued, both in this court and below, that since Carlson had not contested the matter or moved to vacate the adjudication in the bankruptcy proceedings, it could not now collaterally attack in the district court the decision of the bankruptcy judge. The district court apparently accepted this reasoning in dismissing the complaint. We affirm the order of the district court for a different and more fundamental reason.

█ In an involuntary proceeding, a creditor simply has no standing to oppose the adjudication of bankruptcy. The right to oppose an adjudication of bankruptcy when an involuntary petition has been filed is governed by section 18(b) of the Bankruptcy Act, 11 U.S.C. § 41(b). This section, as originally enacted in 1898, provided:

"The bankrupt, *or any creditor*, may appear and plead to the petition within five days after the return day, or within such further time as the court may allow." (Emphasis added.)

The words "or any creditor," however, were deleted in § 18(b) of the Bankruptcy Act of 1938. "It has long been settled that Congress in adopting the Bankruptcy Act of 1938 rewrote § 18, sub. b of the 1898 version of the Act to eliminate the right of a creditor to be heard in opposition to an adjudication in bankruptcy." *In re Jack Kardow Plumbing Co.*, 451 F.2d 123, 129 (5th Cir. 1971). *Accord, In re Highley*, 459 F.2d 554, 556 (9th Cir. 1972); *Commercial Credit Corp. v. Skutt*, 341 F.2d 177, 179 (8th Cir. 1965); *In re Carden*, 118 F.2d 677, 679 (2d Cir. 1941), *cert. denied*, 314 U.S. 647, 62 S.Ct. 91, 86 L.Ed. 519; *In re Western Auto Associate Store*, 295 F.Supp. 566, 570 (W.D.Va.1968); *In re Tanner*, 242 F.Supp. 172, 174 (M.D.Pa.1965); 2 Collier, Bankruptcy ¶ 18.33, 18.48 (14th ed. 1975).

The reasons for this change were stated in the House Report on the Act:

"The right of creditors to file an answer and oppose the petition has been

---

* Senior District Judge William J. Jameson of the United States District Court for the District of Montana is sitting by designation.

eliminated in the amendment of section 18b, and section 59f has been changed to correspond with this amendment. A creditor should not be permitted to oppose an adjudication; invariably, the motive of such a creditor is to protect a preference or to retain some other undue advantage at the expense of the other creditors, contrary to the fundamental purpose of the Act—an equitable distribution among creditors." H.R.Rep.No.1409, 75th Cong., 1st Sess. 17 (1937).

Carlson's argument that it has never been given an opportunity to contest Vytex's "consent" wholly misses the point. The purpose of the 1938 change in § 18 was precisely to eliminate the creditor's right to object to the adjudication of bankruptcy in an involuntary proceeding. Under the 1938 Bankruptcy Act, "creditors cannot oppose an involuntary adjudication of bankruptcy, either during the proceedings before the bankruptcy court or after completion of those proceedings through a motion to set aside the adjudication." *Highley, supra* at 556.

Thus, Carlson's complaint must be dismissed, not, as the district court suggested, because of a failure to oppose the adjudication directly, but because Carlson, as a creditor, lacks standing to oppose the adjudication of bankruptcy at *any* juncture.[1]

■ Moreover, it is immaterial that Carlson's complaint challenges the jurisdiction of the bankruptcy court rather than directly opposing the adjudication of bankruptcy. As the Fifth Circuit noted in *Jack Kardow, supra*, "[the creditor] is not here seeking to file an initial pleading [in the bankrupt court], but in effect it seeks to challenge the jurisdiction of the bankruptcy court in the same way it would if it were allowed to make such an initial pleading, and the intent

of Congress to forbid such challenges by initial pleadings should also be taken to forbid the challenge that [the creditor] makes here." 451 F.2d at 130. As a creditor, Carlson "may neither directly nor collaterally attack the jurisdiction of the bankruptcy court." *Id.* See *Tanner, supra.* "To allow such an attack would be to permit a creditor to do indirectly that which may not be done directly, thus defeating the intent of Congress in amending Section 18(b) of the Bankruptcy Act." *Highley, supra,* at 556.

Both parties rely on *In re Felder*, 39 F.Supp. 453 (E.D.S.C.1941), and *In re Great Lakes Rubber Products Co.,* 1 F.Supp. 609 (N.D.Ohio 1932). Both cases are wholly inapposite to the situation before us. *Felder* deals with a creditor's challenge, based on fraud, to a *voluntary* petition in bankruptcy. See 2 Collier, Bankruptcy ¶ 18.48[3]. *Great Lakes* concerns a challenge by a *shareholder* of the bankrupt corporation. See 2 Collier, Bankruptcy ¶ 18.33[1.3].

■ Much of Carlson's brief in this court is devoted to challenging the basis of the district court's order, the effect of which is claimed to be that the bankruptcy court has complete jurisdiction to adjudicate all matters related to the bankruptcy with review only thereof being in the district court. This attack is couched in a development of the differentiation of the summary jurisdiction of the bankruptcy court, as opposed to plenary jurisdiction of the district court, with particular emphasis upon the premise that the merits of a dispute between a third person asserting a *bona fide* claim adverse to the bankruptcy trustee or receiver should be adjudicated in a district court plenary action. Irrespective of the correctness of the differentiation drawn by the appellant, the issue is not involved here. The state court receiver is neither a party to the present

---

1. The thrust of the complaint is to put a halt to the bankruptcy proceedings. This would, in turn, involve setting aside the adjudication. While we have determined that Carlson, as a creditor, is without standing to make that at-

tack, we express no opinion as to whether Carlson in the bankruptcy proceedings may be in a position, or have grounds, to oppose a discharge. 11 U.S.C. § 32.

proceedings nor a third party asserting an adverse claim to the property which was once being administered by him. The bankruptcy court clearly has statutory power to require a state court receiver to deliver the property in his possession or under his control to the bankruptcy receiver or trustee. 11 U.S.C. § 11(a)(21). That was done here. Further, we also note that irrespective of the effect of Vytex's consent, the voluntary or involuntary sufferance of the appointment of a receiver by an insolvent is itself an act of bankruptcy. 11 U.S.C. § 21(a)(5).

For the reasons stated herein, the judgment of the district court is affirmed.

Affirmed.