**In the Matter of GOLD MEDAL PACK-ING CORP., Bankrupt.**

Jocelyn R. **CANDIDO** and F. Eugene **Romano**, Appellants,

v.

William A. **SCHMITT**, Appellee.

No. 50, Docket 72–1528.

United States Court of Appeals, Second Circuit.

Argued Oct. 25, 1972.

Decided Nov. 22, 1972.

———◆———

Vincent J. Rossi, Utica, N. Y. (Rossi, Cohen & Durso, Utica, N. Y., on the brief), for appellants.

Laurence F. Sovik, Syracuse, N. Y., (Smith, Sovik, Terry, Kendrick, McAuliffe & Schwarzer, Syracuse, N. Y., on the brief), for appellee.

Before MOORE, HAYS and MULLIGAN, Circuit Judges.

PER CURIAM:

■ This is an appeal from an order of the United States District Court for the Northern District of New York affirming a decision of the referee in bankruptcy holding that the effective date of bankruptcy was August 15, 1963, the date of the original filing of the petition. Appellants argue that the effective date of bankruptcy is September 28, 1966 when the petitioning creditors were permitted to amend their petition to cure certain alleged defects in the original petition.

■ Creditors have no standing to question the sufficiency of the bankruptcy petition. While before 1938 any creditor could intervene and oppose adjudication, in 1938 Section 18(b) of the Bankruptcy Act was amended to eliminate the right of creditors to file an answer and oppose a petition.

This court in In Re Carden, 118 F.2d 677 (2d Cir.), cert. denied, 314 U.S. 647, 62 S.Ct. 91, 86 L.Ed. 519 (1941), ruled on the exact issue raised in the instant case. In *Carden* we held

" . . . where there has been an amendment to the statute whereby such right formerly existent has been withdrawn, there has been the equivalent of a statutory · denial of the right . . . . Consequently, the appellant was without standing to question the sufficiency of the petition." Id. at 679.

Other Circuits have reached the same conclusion. E.g., Wynne v. Rochelle, 385 F.2d 789, 798 n.9, rehearing en banc denied (5th Cir. 1967). ·

To hold otherwise would result in a flood of litigation and would add immeasurably to the difficulties of administering the Bankruptcy Act. The amendment to the Bankruptcy Act was adopted to avoid this result.

Affirmed.