**In re NEW ERA COMPANY, Debtor.**

**Bankruptcy No. 90B20362.**

United States Bankruptcy Court, S.D. New York.

May 30, 1990.

42

Whitman & Ransom, New York City, for Bank Audi.

Fink Weinberger, P.C., White Plains, N.Y., for New Era Co.

DECISION ON ORDER TO SHOW CAUSE FOR AN ORDER (A) DISMISSING CHAPTER 11 CASE; (B) OR GRANTING RELIEF FROM AUTOMATIC STAY; (C) OR REQUIRING DEBTOR TO PROVIDE ADEQUATE PROTECTION; AND (D) AWARDING COSTS

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

As a creditor holding a secured mortgage claim, Bank Audi (USA) ("Bank Audi") has moved for an order dismissing the above-captioned Chapter 11 case pursuant to 11

U.S.C. § 1112(b), or in the alternative, for relief from the automatic stay in accordance with 11 U.S.C. § 362(d). The debtor, New Era Company ("New Era"), is a New York general partnership, which owns a five-story residential building located at 134 West 86th Street, New York, New York. The debtor previously issued a purchase money mortgage to Bank Audi to secure a $615,000.00 purchase money loan from Bank Audi, which is now in default and the subject of a foreclosure action by Bank Audi in the Supreme Court, New York County.

### FINDINGS OF FACT

1. On February 3, 1988, Bank Audi, a New York banking corporation, made a purchase money loan of $615,000.00 to the debtor partnership for the purchase of the property located at 134 West 86th Street, New York, New York. The debtor executed a promissory note for $615,000.00, dated February 3, 1988, payable to Bank Audi and signed by its four general partners; one of which is a corporate partner and three are individual partners. The debtor also executed a purchase money mortgage to Bank Audi to secure the $615,000.00 purchase money loan. The same corporate general partner and three individual partners signed the mortgage.

2. The debtor's corporate partner on the note and mortgage was listed as 81–89 Rest., Inc. Arthur Morrison, the sole shareholder and president of the corporate partner signed his name on behalf of the debtor's corporate general partner. The three individual partners who signed the purchase note and mortgage were Richard Blitz, Donald Mylan and Patricia Mylan.

3. The purchase money note was personally guaranteed by the signatures of Arthur Morrison, Esq., Richard Blitz, Donald Mylan and Patricia Mylan.

4. As additional security for the Bank Audi loan, Richard Blitz, one of the three individual general partners of the debtor, executed a security agreement to pledge a $450,000.00 time deposit which he had on deposit with Bank Audi to secure the payment of all of the debtor's obligations to Bank Audi.

5. A few months after the debtor borrowed $615,000.00 from Bank Audi it defaulted in making installment payments to the bank. On January 31, 1989, Bank Audi commenced a foreclosure action against the debtor, New Era, in the Supreme Court, New York County and thereafter moved for the appointment of a receiver, which was granted.

6. On November 6, 1989, the New York Supreme Court granted Bank Audi's motion for summary judgment with respect to the foreclosure action.

7. On January 12, 1990, Arthur Morrison, individually, claiming to be a general partner of the debtor, New Era, filed with this court an involuntary petition for relief under Chapter 11 of the Bankruptcy Code against the debtor, New Era.

8. Neither the debtor nor any of its partners responded to the notice issued by the court with respect to the involuntary Chapter 11 petition. Accordingly, on February 13, 1990, this court entered an order for relief under Chapter 11 in this case.

9. On March 7, 1990, this court issued an order directing the debtor to file schedules or a list of creditors, with addresses, within 15 days thereafter. The debtor failed to comply with the order.

10. In the involuntary petition for relief which was filed on January 12, 1990, Arthur Morrison stated that in addition to himself, the other general partners of the debtor were Richard Blitz, L. Morrison and the Jean St. Germaine Defined Benefit Pension Trust. Thus, instead of 81–89 Rest., Inc., Donald Mylan and Patricia Mylan, who were three of the four partners listed in the debtor's note and mortgage, which they individually guaranteed, together with Richard Blitz, three different partners are named in Arthur Morrison's involuntary petition. The only partner who was listed in all the papers is Richard Blitz.

11. The bank's appraisal witness testified, without credible contradiction, that the five-story building on West 86th Street in New York City is currently worth $650,-

000.00, in its present condition. The building requires substantial plumbing and other repairs. Indeed, some of the tenants have not paid rent for several years because the building is in disrepair. The tenants have organized to hire their own superintendent and have opened their own account with the utility company. Because the tenants have not paid any rent for some time, there is no cash flow from the property.

12. Arthur Morrison testified that he acquired an interest in the debtor partnership on June 14, 1988, when he purchased a one-sixth interest in the partnership from a Mrs. Hillyer, whose name did not appear as a partner on the purchase mortgage note or on the mortgage submitted in evidence. There was no credible evidence that a Mrs. Hillyer was ever a partner in the debtor partnership.

13. Morrison failed to establish that he was a partner of the debtor partnership in his individual capacity or that he was authorized to file an involuntary petition against the debtor, either as a partner or as a creditor holding a claim against the debtor that is not contingent as to liability or the subject of a bona fide dispute in the amount of at least $5,000.00 more than the value of any lien on the property of such debtor held by him, as required under 11 U.S.C. § 303(b)(2).

14. Bank Audi's secured mortgage claim is currently in the amount of $832,-823.55, whereas the appraised value of the property in question is approximately $650,000.00. As additional collateral, Bank Audi holds the $450,000.00 time deposit account of Richard Blitz, which is now worth about $500,000.00, with accumulated interest.

## DISCUSSION

■ Bank Audi's motion to dismiss the involuntary Chapter 11 petition which was filed by Arthur Morrison is bottomed on the theory that he is not a partner of the debtor, New Era, and may not file an involuntary case under 11 U.S.C. § 303(b)(3)(A), which authorizes fewer than all of the general partners to commence an involuntary

bankruptcy case against a partnership where the other partners fail to join in the petition. Morrison claims to be a partner as a result of his acquisition of a Mrs. Hillyer's partnership interest in the debtor. There is no credible evidence that Mrs. Hillyer ever was a partner in the debtor partnership. Notwithstanding this lack of proof, it is settled law in New York that unless the parties have agreed otherwise, a person cannot become a member of a partnership interest without the consent of all the partners, whereas an assignment of a partnership interest may be made without their consent, but the assignee is entitled only to receive the profits of the assigning partner and does not become a partner with the nonassigning partners. *In re Lehal Realty Associates,* 101 B.R. 418, 421 (Bankr.S.D.N.Y.1989); *Rapoport v. 55 Perry Co.,* 50 A.D.2d 54, 57, 376 N.Y.S.2d 147, 149 (1st Dep't 1975). *Accord, Altman v. Altman,* 271 App.Div. 884, 67 N.Y.S.2d 119 (2d Dep't 1946); *Schlesinger v. Regenstreif,* 26 Misc.2d 604, 135 N.Y.S.2d 858 (N.Y.Sup.Ct.N.Y.Co.1954).

■ In view of the fact that there was no evidence that the original partners of the debtor partnership agreed or consented to Morrison becoming a partner with them in the debtor partnership, it follows that Morrison's alleged purchase of a partnership interest did not cause him to become their partner.

■ Had the creditor, Bank Audi, filed an answer in opposition to Morrison's involuntary petition on the ground that Morrison is not authorized to file the involuntary petition, such a collateral attack would have been without any statutory foundation because answers to involuntary partnership petitions may only be filed by the debtor, or a general partner in the partnership that did not join in the petition, as expressed in 11 U.S.C. § 303(d):

> (d) The debtor, or a general partner in a partnership debtor that did not join in the petition, may file an answer to a petition under this section.

Bankruptcy Rule 1011(a) reinforces the limitation on permissible answers to invol-

untary partnership petitions and states as follows:

(a) **Who may contest petition.** The debtor in an involuntary petition or a party in interest to a petition commencing a case ancillary to a foreign proceeding may contest the petition. In the case of a petition against a partnership under Rule 1004(b), a nonpetitioning general partner, or a person who is alleged to be a general partner but denies the allegation, may contest the petition.

The reason that Bank Audi, as a creditor of a partnership, may not contest the authority of a petitioning partner or the debtor, with respect to the filing of the bankruptcy petition, is because a creditor may have an incentive to protect a preference or to gain some unfair advantage at the expense of other creditors, contrary to the policy of requiring an equitable distribution of the debtor's assets among all creditors. *Candido v. Schmitt (In the Matter of Gold Medal, Inc. Packing Corp.)*, 470 F.2d 186 (2d Cir.1972); *Highlander v. Rothman (In the Matter of Highley)*, 459 F.2d 554, 556 (9th Cir.1972); *American Standard, Inc. v. Nass (In the Matter of Jack Kardow Plumbing Co.,* 451 F.2d 123, 130 (5th Cir. 1971); *In re Carden*, 118 F.2d 677 (2d Cir.1941), *cert. denied sub nom. McClave Co. v. Carden,* 314 U.S. 647, 62 S.Ct. 91, 86 L.Ed. 519 (1941); *Dunlop Tire and Rubber Corp. v. Earl's Tire Service, Inc. (In re Earl's Tire Service, Inc.)*, 6 B.R. 1019, 1021 (D.Del.1980); *In re Memphis–Friday's Associates,* 88 B.R. 821, 828 (Bankr.W.D. Tenn.1988); *Manson Billard, Inc. v. Hoffman Industries, Inc. (In re Manson Billard, Inc.)*, 82 B.R. 769, 772 (Bankr.E.D.Pa. 1988); *Broadview Savings Bank v. Royal Gate Associates (In re Royal Gate Associates, Ltd.)*, 81 B.R. 165, 167 (Bankr.M.D. Ga.1988).

### RELIEF FROM THE STAY

■ Pursuant to 11 U.S.C. § 362(g)(2), the party opposing relief from the automatic stay imposed under 11 U.S.C. § 362(a) has the burden of proof on all issues other than the debtor's equity in property. In the instant case, Bank Audi established

that it holds an allowable secured claim against the debtor's sole asset, the building on West 86th Street, New York City, in excess of $832,000.00, whereas the property has a current market value of $650,-000.00. Hence, the debtor partnership has no equity in the property. In these circumstances, the debtor must prove that the property is necessary for an effective reorganization, in accordance with 11 U.S.C. § 362(d)(2)(B).

The debtor partnership has not sustained its burden of proof under 11 U.S.C. § 362(d)(2)(B), because the debtor partnership never entered an appearance in this case.

■ Manifestly, Morrison and his attorney may not represent the debtor partnership or have their appearance in the case regarded as an appearance on behalf of the debtor partnership because, even if Morrison is considered as a partner in the debtor partnership, a general partner who files an involuntary petition against the partnership under 11 U.S.C. § 303(b)(3)(A) does not file for the partnership, but against it, in an adversary proceeding and as an adversary party. *See In re Memphis–Friday's Associates,* 88 B.R. at 828; *In re B C & K Cattle Co.,* 84 B.R. 69, 70 (Bankr.N.D.Tex. 1988). Therefore, Morrison and his attorney hold a conflicting interest and cannot be regarded as acting for the debtor partnership.

■ Although no other partners of the debtor have submitted any evidence with respect to the debtor's burden of proof under 11 U.S.C. § 362(d), Arthur Morrison did testify in favor of continuing the stay. As a principal shareholder of the original corporate partner, and as a contributor to the capital structure of the partnership debtor, Arthur Morrison may be regarded as holding an equity interest in the partnership sufficient to be recognized as a party in interest within the meaning of 11 U.S.C. § 1109(b), even though he is not a partner of the debtor because he has a stake in the outcome of this bankruptcy case and in the motion for relief from the automatic stay. *See In re FRG, Inc.,* 107 B.R. 461, 467 (Bankr.S.D.N.Y.1989); *In re Giggles Restaurant, Inc.,* 103 B.R. 549, 555 (Bankr.D. N.J.1989).

Bank Audi established that the debtor partnership has no equity in the property in question and that no effective reorganization is likely because the debtor partnership has not appeared in this case, has not filed schedules or a list of creditors as ordered by this court, and has not collected any rent from the tenants of the building due to the debtor's neglect in maintaining the premises. Bank Audi has also presented sufficient evidence of cause for relief from the stay pursuant to 11 U.S.C. § 362(d)(1) because there is no evidence that the debtor partnership has taken any action to preserve the premises or to offer adequate protection of Bank Audi's secured interest. The most that can be said in opposition to Bank Audi's motion for relief from the stay is that Arthur Morrison believes that the property can be made valuable by its demolition and the subsequent construction of condominiums on the site. This is simply wishful thinking without any credible evidence to support a continuance of the stay. In these circumstances, the automatic stay should be lifted in order to allow Bank Audi to take action to preserve its secured interest in the property in question.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(G).

2. As a creditor holding a secured claim, Bank Audi has sustained its burden of proof under 11 U.S.C. § 362(g) for obtaining relief from the automatic stay in accordance with 11 U.S.C. § 362(d)(1) and (2) for the purpose of realizing its secured claim.

3. Bank Audi's motion for relief from the automatic stay is granted, although its motion for dismissal of this involuntary Chapter 11 partnership case pursuant to 11 U.S.C. § 1112(b) is denied.

SETTLE ORDER on notice.