**In re WESTVILLE DISTRIBUTION AND TRANSPORT d/b/a Newtown Oil Company.**

**No. 02–51378.**

United States Bankruptcy Court, D. Connecticut.

May 6, 2003.

———

Marjorie R. Gruszkiewicz, The Marcus Law Firm, New Haven, CT, for Transport.

Steven E. Mackey, New Haven, CT, for U.S. Trustee.

Phillip Rosario, Thomas J. Saadi, Office of the Attorney General for the State of Connecticut, Hartford, CT, for the State of Connecticut.

### ORDER ON DEBTOR'S MOTION TO DISMISS AND TRUSTEE'S MOTION TO CONVERT

ALAN H. W. SHIFF, Bankruptcy Judge.

On November 5, 2002, a *pro se* chapter 11 bankruptcy petition was filed allegedly on behalf of Westville Distribution and Transport ("Transport"). The petition was signed by non-attorneys Andrew Hunihan and Lucy Johnson. On November 25, 2002, Steven E. Mackey, a trial attorney for the United States Trustee, filed a motion to dismiss the case because Transport had not yet "retained the services of an attorney to represent it before the Bankruptcy Court." *Trustee's motion to dismiss* at ¶ 3.

On November 27, 2002, attorney Marjorie R. Gruszkiewicz filed an appearance for the limited purpose of filing a motion to dismiss for the reason that Transport did not and had never existed, and it is not an eligible debtor, *see* 11 U.S.C. § 109(a). On December 20, 2002, attorney Mackey filed a motion to convert the case to chapter 7. At the January 21, 2003 hearing on both motions, attorney Gruszkiewicz argued that Westville Distribution and Recycling, Inc. ("Recycling"), was the only existing

**102**

corporate entity, and it had no intention to file a bankruptcy petition. *See January 21, 2003 hearing record* at 11:17–18. Attorney Mackey responded that Recycling had benefitted from Transport's automatic stay, and a chapter 7 trustee could amend the petition to name Recycling as the debtor. *Id.* at 11:22. For the reasons that follow the motion to convert is denied, and the motion to dismiss is granted.

■ A case must be dismissed if the court concludes that the petition which commenced it was filed on behalf of a nonexisting entity. *See e.g.,* §§ 109(a), (b) and (d) and 301. Any such dismissal will be *nunc pro tunc* to the date it was filed. *See In re Flores,* 291 B.R. 44, 52, 60 (Bankr.S.D.N.Y.2003).

■ Attorney Mackey argues that even if Transport does not and has never existed, it should be deemed a *de facto* corporate entity. *See January 21, 2003 hearing record* at 11:27. His reliance on *New Haven Radio, Inc. v. Meister (In re Martin–Trigona),* 760 F.2d 1334, 1341 (2nd Cir. 1985) for that proposition is misplaced. In that case, the court rejected New Haven Radio's untimely attempt to repudiate the validity of its bankruptcy petition. But unlike Transport, New Haven Radio actually existed, its case had been commenced through counsel, and it waited several years before asserting that its petition should be nullified. Here, as noted, counsel repudiated the petition almost immediately, and of more significance, Recycling did not intend to file a bankruptcy petition. Since it is concluded that Transport's petition was invalid at its inception, there is no longer any case to convert.

Policy considerations also warrant denying the motion to convert. A good faith petition containing a scrivener's error might be amended by a filer, for example, to correct the spelling of the debtor's name. *See* Rule 1009(a), F.R.Bankr.P.

That scenario is fundamentally different from an attempt by a non-filer to vitalize a non-existing entity and then force it into bankruptcy without observing the statutory predicates for involuntary cases, *see § 303.* Indeed, circumventing § 303 would invite abuse of the bankruptcy process and create an opportunity for procedural mischief.

Accordingly, it is ORDERED that the Motion to Convert is DENIED; and IT IS FURTHER ORDERED that this case is DISMISSED *nunc pro tunc* effective November 5, 2002.