**In re 4 WHIP, LLC, Debtor.**

No. 04–33293(ASD).

United States Bankruptcy Court,
D. Connecticut.

Nov. 3, 2005.

Thomas V. Battaglia, Jr., Law Office of Thomas V. Battaglia, Jr., Stratford, CT, for Debtor.

## MEMORANDUM OF DECISION ON AMENDED MOTION TO DISMISS, CONVERT, OR SET TIMETABLE FOR CONFIRMATION

ALBERT S. DABROWSKI, Chief Judge.

### I. BACKGROUND

The present case was filed by the named Debtor on July 13, 2004 (hereafter, the

"Petition Date"). The Debtor is the present titleholder of a parcel of real property known as and numbered 4 Whippoorwill Lane, Stratford, Connecticut (hereafter, the "Property"). The Property was transferred to the Debtor from Kyle Kochiss by deed dated December 26, 2001.

The present motion follows the prosecution by the Movant of two previous motions. The Movant—a secured creditor—initially filed a *Motion for Relief from Stay* (Doc. I.D. No. 12) to continue its prosecution of a state court foreclosure action. That motion was resolved by a *Stipulation* (Doc. I.D. No. 34) which provided, *inter alia*, that if the Debtor did not file a plan of reorganization by June 15, 2005, the Movant would "have the right to file a motion seeking a schedule for the confirmation of a plan or, in the alternative, the conversion or dismissal of the Chapter 11 bankruptcy." The Debtor did in fact fail to file a timely plan of reorganization, and on July 21, 2005, pursuant to its rights under the Stipulation, the Movant filed a *Motion to Dismiss, Convert, or Set Timetable for Confirmation* (Doc. I.D. No. 36). Then on September 13, 2005, the Movant filed the *Amended Motion to Dismiss, Convert, or Set Timetable for Confirmation* which is the subject of the instant contested matter (hereafter, the "Amended Motion").

In the Amended Motion the Movant urges the Court to dismiss the bankruptcy case on the basis of the Debtor's alleged lack of qualification for relief under Title 11. Alternatively, it presumably seeks conversion to Chapter 7, or a Chapter 11 plan timetable, on the allegation that the "actions of the Debtor have been prejudicial ... throughout the course of this bankruptcy." The United States Trustee has appeared in support of the Amended Motion, advocating primarily for conversion, based upon a history of allegedly abusive bankruptcy filings orchestrated or participated in by a principal of the Debtor, one Nicholas Owen.

## II. DISCUSSION

### A. Qualification as a Debtor.

The Movant alleges that the Debtor is a non-existent entity, and therefore not a "person" qualified to be a debtor under Section 109(d) of the Bankruptcy Code. Specifically, the claim is that at the time of the commencement of this case, the debtor was not a limited liability company, as its name purports, owing to the fact that it "never registered under the laws of the State of Connecticut." The Debtor's attorney concedes that the Debtor had no official, or *de jure*, existence on the Petition Date, but argues that Connecticut law would regard the entity as a *de facto* LLC under principles established for corporations, *see, e.g., Di Francesco v. Kennedy*, 114 Conn. 681, 160 A. 72 (1932). Specifically, the Debtor claims to have conducted business in good faith under the name 4 Whip, LLC (hereafter, "4–Whip") on the apparently mistaken belief that formation documents had been submitted to, and approved by, the Connecticut Secretary of the State.

■ An entity is eligible to be a debtor under Chapter 11 if, *inter alia*, it is "a person that may be a debtor under chapter 7 ...." 11 U.S.C. § 109(d) (2004). And under Section 109(b), a person may be a debtor under chapter 7 "... only if such person is not—(1) a railroad; (2) a domestic insurance company, bank, [etc.] ...; or (3) a foreign insurance company, bank, [etc.] ... engaged in such business in the United States." Thus, because the present purported debtor is not an entity of the type excluded from Chapter 7, it is presumed to be eligible to be a debtor under Chapter 11, *provided that it is a*

*"person" within the meaning of the Bankruptcy Code.*

■ Code Section 101(41) provides that "person" *"includes* individual, partnership, and corporation, but does not include governmental unit . . . ." (emphasis supplied). In view of the use of the non-exclusive term, "includes", and the absence of specific exclusion, the Court concludes that the Bankruptcy Code's qualification criteria are sufficiently liberal to permit an inchoate or *de facto* limited liability company such as 4-Whip to be a debtor, so long as that entity had a *bona fide* business existence prior to the Petition Date.

Here, the uncontested record establishes that 4-Whip transacted business in that name prior to its filing for bankruptcy relief.[1] It is thus an eligible debtor under the Bankruptcy Code, and its case should not be dismissed or converted on that basis.

■ Nonetheless, to say that an entity qualifies to be a bankruptcy debtor says nothing about the composition of the resultant bankruptcy estate, or the possibility of reorganization by that entity. The property rights which comprise the bankruptcy estate of 4-Whip are determined by state law. That law *might* lead one to conclude that the property which the Debtor purports to own is in fact owned by some other entity, owing to, *inter alia*, 4-Whip's lack of formal organization under applicable state law at the time of the relevant transactions. Such questions, however, are not before the Court at this time.

## B. Case Filing History.

■ The record reveals that the sole member of 4-Whip is one Kyle Kochiss.

The "manager" of the Debtor—one Nicholas E. Owen, II—is an individual who has served as a principal of several other entities which have filed multiple voluntary petitions in this Court (hereafter, the "Owen Debtors").

There is little doubt that Mr. Owen has pursued an abusive bankruptcy agenda with respect to one or more of the Owen Debtors' cases, *see, e.g., Sniffens & Hurd, LLC,* Case No. 02–35023, Doc. I.D. No. 9 (slip opinion) (Bankr.D.Conn. October 21, 2002); nor is it seriously contested that he is the driving force behind the instant bankruptcy case. However, the parties advocating for dismissal have failed to establish any substantive linkage between the estate(s) of the Owen Debtors and the 4-Whip bankruptcy estate. Specifically, the Court does not know from the record what property interests were involved in the Owen Debtors' filings. Without such information, it is not possible to say with certainty that the present case is an extension of the Owen Debtors' filings. Thus the Movant and United States Trustee have failed to persuade the Court that the instant case is abusive and should be dismissed or converted on that basis.

## C. Confirmation Timetable.

■ Although the Movant and the United States Trustee have failed to provide the Court with a sufficient record to justify the dismissal or conversion of the instant case, the record as a whole, including that judicially noticed, amply supports a finding that the present Debtor has not diligently prosecuted this case, and may be seeking delay through the mechanism of bankruptcy. To limit any prejudice that might

---

1. Specifically, the record disclosed that 4-Whip (i) prepared, and believed it had filed, Articles of Organization; (ii) obtained a unique Employer Identification Number from the Internal Revenue Service; (iii) was carried on the tax rolls of the Town of Stratford as the owner of the Property; and (iv) managed the Property.

result from any such illicit agenda, the Court determines it appropriate to establish a timetable for confirmation of a plan of reorganization in this case. A separate Order to that effect shall enter this date.

## ORDER ON AMENDED MOTION TO DISMISS, CONVERT, OR SET TIMETABLE FOR CONFIRMATION

The above-captioned contested matter came before the Court upon due notice and after a hearing; and the Court this day entered its *Memorandum of Decision on Amended Motion to Dismiss, Convert, or Set Timetable for Confirmation*, in accordance with which, it is hereby

**ORDERED** that the Movant's *Amended Motion to Dismiss, Convert, or Set Timetable for Confirmation* (Doc. I.D. No. 49) is **DENIED** insofar as it seeks dismissal or conversion of this bankruptcy case, but is **GRANTED** insofar as it requests a confirmation timetable; and it is further

**ORDERED** that the Debtor file and serve an *Amended* Disclosure Statement no later than November 23, 2005, by 4:00 p.m.; and it is further

**ORDERED** that the Debtor obtain approval of its Disclosure Statement no later than December 21, 2005, subject only to the availability of a hearing date on the Court's calendar; and it is further

**ORDERED** that the Debtor obtain an order confirming its Plan no later than January 25, 2006, subject only to the availability of a hearing date on the Court's calendar; and it is further

**ORDERED** that if the Debtor fails to comply with any of the provisions of this Order, the Court will enter an order dismissing this case with the prejudice of at least a 180–day bar to re-filing, or convert-

ing this Chapter 11 case to a case under Chapter 7, without further notice.